IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

                         Plaintiff,                         OPINION AND ORDER

    v.

                                                       18-cv-235-wmc

AIR, LLC d/b/a TANTACOMM, CHARLES
EATON, THE AIR, LLC d/b/a TANTACOMM
401(K) PLAN and THE AIR, LLC d/b/a
TANTACOMM HEALTH PLAN,

                         Defendants.

In this case, the Secretary of the Department of Labor[1] brought suit against defendants Charles Eaton, Air, LLC d/b/a TantaComm ("TantaComm"), the Air, LLC d/b/a TantaComm 401(k) Plan ("TantaComm 401(k) Plan") and the Air, LLC d/b/a TantaComm Health Plan ("TantaComm Health Plan"), alleging violations of Title I of the Employee Retirement Income Security Act. (Compl. (dkt. #1).) For the reasons discussed below, the court will enter default judgment against Eaton and TantaComm and dismiss all claims against remaining defendants TantaComm 401(k) Plan and TantaComm Health Plan.

BACKGROUND

The Employment Retirement Income Security Act ("ERISA") is a federal law that sets minimum standards for certain employee benefit plans. *See* 29 U.S.C. § 1001. The

---

[1] The suit was first brought by R. Alexander Acosta, Secretary of Labor, and has been continued by Patrick Pizzella, Acting Secretary of Labor. Because this order closes this case, however, there is no need at this point to change the caption.

Secretary of Labor has authority to enforce violations of the Act. § 1132(a)(2), (5). Pursuant to that authority, on April 4, 2018, the Secretary filed a complaint against Charles Eaton, TantaComm and TantaComm 401(k) Plan alleging a number of violations of ERISA. (Compl. (dkt. #1).) Defendants filed an answer on July 6, 2018. (Answer (dkt. #5).) A few months into discovery, defendant Eaton filed for bankruptcy and defendants' attorney withdrew from this case; defendants did not notice a new attorney.

On April 16, 2019, plaintiff filed an amended complaint, which alleged additional ERISA violations and added defendant TantaComm Health Plan. (Am. Compl. (dkt. #18).) Defendants thereafter failed to respond or otherwise defend their case. On July 8, 2019, plaintiff filed a motion for entry of default as to Eaton and TantaComm (Mot. Entry of Default (dkt. #21)), which was granted by the clerk of court on July 16, 2019 (Clerk's Entry of Default (dkt. #22)). Plaintiff then filed this pending motion for default judgment. (Mot. for Default J. (dkt. #23-1).) A default judgment hearing was held on September 12, 2019. Plaintiff appeared by attorney Elizabeth Arumilli; defendants did not appear.

Because the clerk of court has entered default against Eaton and TantaComm, the court accepts as true all factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). According to the amended complaint, Charles Eaton was the President and 100% owner of TantaComm. Both Eaton and TantaComm were fiduciaries and parties in interest to the TantaComm 401(k) Plan from at least April 5, 2012 through June 4, 2016, and the TantaComm Health Plan from at least September 12, 2013, through October 10, 2016, within the meaning of ERISA § 3(14)(A), (C), (E) and (H), 29 U.S.C. § 1002(14) (A), (C), (E) and (H).

2

Between April 5, 2012, through June 4, 2016, the 401(k) Plan's governing documents provided that participants could make pre-tax contributions to the 401(k) Plan from their compensation. During this time, TantaComm, under the authority and control of Eaton, withheld $130,357.78 from its employees' pay as salary deferral contributions intended for the 401(k) Plan. Defendants never remitted the contributions to the 401(k) Plan and instead retained the contributions in TantaComm's bank account and used them to pay TantaComm's expenses. Also during this same time, TantaComm, under the authority and control of Eaton, failed to remit $287,233.80 in employee salary deferral contributions in a timely manner.

Plaintiff also alleged that from September 12, 2013, through October 10, 2016, TantaComm, under the authority and control of Eaton, withheld $24,454.18 from its employees' pay for contributions to the Health Plan to pay health insurance premiums but never remitted the contributions to the Health Plan and instead retained them in TantaComm's bank account and used them to pay TantaComm's expenses.

Finally, plaintiff alleges that TantaComm failed to file an annual report for the 401(k) Plan year ending December 15, 2015.

OPINION

Based on these factual allegations, which the court accepts as true, plaintiff has sufficiently established that defendants TantaComm and Eaton are liable for multiple ERISA violations. The court now considers plaintiff's requested relief for these violations.

As an initial matter, the court notes that although defendant Eaton has filed a Chapter 7 bankruptcy petition, plaintiff's action is not subject to the automatic bankruptcy

stay. Typically, the bankruptcy code imposes a stay on the continuation of judicial proceedings against a debtor once he has filed for bankruptcy. *See* 11 U.S.C. § 362(a)(1). However, the code excepts proceedings to "enforce police or regulatory powers of a governmental unit." § 362(b)(4). This court has previously held that an ERISA action falls under this exception, and that the court may enter both an equitable and money judgment against the debtor provided that the money judgment does not put the Secretary of Labor in a position superior to that of other creditors. *See Perez v. Cargill Heating & Air Conditioning Co.*, No 14-cv-228-jdp, 2014 WL 5325372 (W.D. Wis. Oct. 20, 2014); *see also Solis v. Wallis*, No. 11-cv-3019, 2012 WL 3779065 (N.D. Ill. Aug. 30, 2012); *Solid v. Caro*, No. 11-cv-6884, 2012 WL 1230824 (N.D. Ill. Apr. 12, 2012). Therefore, despite Eaton's pending bankruptcy claim, the court here will continue with this action and enter judgment against him, noting that plaintiff may only *enforce* the money judgment against Eaton by pursuing a claim in the bankruptcy proceeding.

Here, plaintiff seeks a total of $203,788.20 in monetary relief from TantaComm and Eaton. ERISA provides that a fiduciary who has breached his fiduciary duties under the Act may be held "personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109. The $203,788.20 amount is the sum total of four figures; each figure was determined after an investigation and calculations performed by Tabitha Sabitino, an investigator for the Chicago Regional Office of the Employee Benefits Security Administration. (Sabatino Decl. (dkt. #26).)

Sabitino determined that, from April 5, 2012, through June 4, 2016, $130,357.78 in employee contributions were withheld but were not remitted to the 401(k) Plan.

4

Sabitino also calculated that defendants' violations resulted in $46,453.03 of lost interest earnings to the 401(k) Plan. This figure reflects a calculation of lost interest on both unremitted employee contributions (which as noted above was determined to be $130,357.78) and untimely remitted employee contributions (which Sabatino determined to be $287,233.80). Using those figures and the Internal Revenue Code § 6621 interest rates, Sabitino came to the $46,453.03 total. Similarly, Sabitino determined that $24,454.18 of employee contributions were withheld but not remitted to the Health Plan; this resulted in $2,523.21 in lost interest earnings, also calculated using the Internal Revenue Code § 6621 interest rate. After reviewing these figures and calculations, the court is satisfied that plaintiff has proven up the requested monetary relief.[2]

Plaintiff also requests injunctive relief that (1) permanently enjoins Eaton and TantaComm from serving or acting as fiduciaries to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plans and (2) permanently enjoins Eaton and TantaComm from violating Title I of ERISA. ERISA

---

[2] The Seventh Circuit has held that prejudgment interest should be available in ERISA cases as part of the loss amount. *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991); *see also Lorenzen v. Employees Ret. Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 236 (7th Cir. 1990) (finding that a prejudgment interest "award . . . is necessary for full compensation of the victim of wrongdoing"). Where, as here, it is not possible to determine what the Plans would have earned had the funds been properly remitted and because an actual rate of return for the Plans is not available, EBSA calculated lost opportunity costs using the Internal Revenue Code rate at 26 U.S.C. § 6621. This rate is recognized in ERISA as an appropriate interest rate for unpaid contributions in multiemployer plans. *See* 29 U.S.C. 1132(g)(2) (prescribing for multiemployer plans, or plans under a collectively bargained agreement, that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or if none, the rate prescribed under section 6621 of Title 26"). Courts in the Seventh Circuit have also accepted this interest rate for ERISA plans outside of the multiemployer/collective bargaining context. *See Perez v. Stratton*, 2015 WL 1866101 (W.D. Wis. Apr. 23, 2015); *Chao v. Linder*, 2007 WL 1655254 (N.D. Ill. May 31, 2007). Therefore, the court concludes that the use of the § 6621 interest rate is reasonable to make whole both the 401(k) Plan and Health Plan.

authorizes injunctive relief that "enjoin[s] any act or practice which violates any provision of this subchapter" and other appropriate equitable relief. 29 U.S.C. § 1132(a)(5). It is "not uncommon for courts to issue injunctions as part of default judgments." *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) (citing *Johnson v. Kakvand*, 192 F.3d 656 (7th Cir. 1999)); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).

Where a defendant has engaged in "repeated or substantial" violations of their fiduciary duties, a court may properly order their removal from their position as fiduciary. *Chesemore v. Alliance Holdings, Inc.*, 948 F. Supp. 2d 928, 948 (W.D. Wis. 2013) (citing *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984)). Here, defendants failed to remit over one hundred thousand dollars of employee contributions to the Plans over a period of multiple years, as well as untimely remitting over two hundred thousand dollars in contributions and failing to file an annual report. These actions qualify as both repeated and substantial beaches of defendants' fiduciary duties.

Further, appropriate relief for violations of ERISA "may include a permanent injunction barring a former ERISA fiduciary from providing services or acting as a fiduciary to any employee benefit plan in the future." *Chesemore*, 948 F. Supp. 2d at 948-49 (quoting *Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006)); *see also Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991) (upholding permanent injunction barring former ERISA fiduciaries from providing future services to any ERISA plan); *Reich v. Lancaster*, 55 F.3d 1034, 1054 (5th Cir. 1995) (holding the same). Again, plaintiff's complaint shows that TantaComm and Eaton blatantly violated their duties as ERISA fiduciaries by failing to remit employee

contributions, untimely remitting contributions and failing to file an annual report. Given the serious nature of defendants' violations, the court considers a permanent injunction appropriate here.

As for plaintiff's additional request that TantaComm and Eaton be permanently enjoined from "violating Title I of ERISA," the court rejects that request as overbroad. "Injunctions that 'merely instruct the enjoined party not to violate a statute' generally are overbroad, increasing 'the likelihood of unwarranted contempt proceedings for acts unlike or unrelated to those originally judged unlawful.'" *Lineback v. Spurlino Materials, LLC*, 546 F.3d 491, 504 (7th Cir. 2008) (quoting *Int'l Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312, 1315 (Fed. Cir. 2004)); *see also Solis v. Seher*, No. 3:12-CV-415 JD, 2013 WL 393291, at *3-4 (N.D. Ind. Jan. 31, 2013) (declining to permanently enjoin defendant from violating provisions of Title I of ERISA).

Having determined that plaintiff is entitled to most of the relief requested, the court will enter a corresponding judgment in this matter that includes the monetary relief and the above-described, more limited injunctive relief.

Finally, as to defendants TantaComm 401(k) Plan and TantaComm Health Plan, plaintiff is not seeking relief or a judgment from the Plans. (Pl.'s First Am Mot. For Default J. (dkt. #25) 4 n.1.) The Plans were named as defendants pursuant to Federal Rule of Civil Procedure Rule 19(a) solely to assure that complete relief could be granted. (Pl.'s First Am Mot. For Default J. (dkt. #25).) As such, all claims against the Plans are dismissed.

ORDER

IT IS ORDERED that:

1) Plaintiff's amended motion for default judgment (dkt. #25) is GRANTED IN PART AND DENIED IN PART as detailed below.

2) Defendants Charles Eaton and Air LLC d/b/a TantaComm are PERMANENTLY ENJOINED from serving or acting as fiduciaries to any ERISA-covered employee benefit plan and removed from any positions they now hold as fiduciaries to the Air, LLC d/b/a TantaComm 401(k) Plan and the Air, LLC d/b/a TantaComm Health Plan.

3) Defendants Charles Eaton and Air LLC d/b/a TantaComm are jointly and severally liable for $176,810.81 in losses owed to the Air, LLC d/b/a TantaComm 401(k) Plan, which shall be to restored to the Air, LLC d/b/a TantaComm 401(k) Plan.

4) Defendants Charles Eaton and Air LLC d/b/a TantaComm are jointly and severally liable for $26,977.39 in losses owed to the Air, LLC d/b/a TantaComm Health Plan, which shall be restored to the Air, LLC d/b/a TantaComm Health Plan.

5) All claims against defendants the Air LLC d/b/a TantaComm 401(k) Plan and the Air, LLC d/b/a TantaComm Health Plan are DISMISSED.

6) The clerk's office is directed to enter final judgment consistent with this order.

Entered this 25th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge